OPINION
{¶ 1} Plaintiff-appellant Richard Vitcusky ("husband") appeals the October 24, 2002 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which granted the motion to modify companionship filed by third-party defendants-appellees Michael and Peggy Stoughton (collectively "the Stoughtons"), and which found husband in contempt of court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and Elizabeth Vitcusky ("wife") were married on March 17, 1999, in Mansfield, Ohio. Two children were born as issue of said union, to wit: Valerie (DOB 9/19/90) and Tyler (DOB 8/17/94). Husband filed a Complaint for Divorce on June 21, 2001. The trial court granted husband a divorce from wife via Judgment Entry/Decree of Divorce filed December 19, 2001. The divorce decree incorporated the agreed settlement of husband and wife. Pursuant to the settlement agreement, the Stoughtons[1] were granted specific companionship privileges with the minor children.
 {¶ 3} On May 21, 2002, the Stoughtons filed a Motion to Modify Companionship, asserting a change of circumstances and the best interests of the children. Thereafter, on June 19, 2002, the Stoughtons filed another motion, moving the trial court for an order holding husband in willful contempt as a result of husband's denying the Stoughtons' companionship with the children. The trial court conducted a hearing on the motions on June 26, 2002, and September 6, 2002. The trial court considered the testimony of the parties and witnesses, an in-camera interview with the minor children, the previously filed reports of the guardian ad litem, and all the other evidence presented, and found it was in the best interest of the children to modify the companionship privileges previously granted to the Stoughtons. The trial court memorialized its decision via Judgment Entry filed October 24, 2002.
 {¶ 4} It is from this judgment entry husband appeals raising as his sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT RICHARD VITCUSKY IN FINDING THAT IT WAS IN THE BEST INTERESTS OF THE APPELLANTS MINOR CHILDREN THAT THIRD PARTY DEFENDANTS MICHAEL PEGGY STOUGHTON (SECOND COUSIN) MOTION TO MODIFY VISITATION BE SUSTAINED WITHOUT GIVING SPECIAL WEIGHT TO THE WISHES OF THE CUSTODIAL PARENT PURSUANT TO TROXEL V. GRANVILLE AND OHIO REVISED CODE SECTION3109.051(D)(15)."
 I {¶ 6} In his sole assignment of error, husband contends the trial court erred in finding it was in the best interest of the children to modify the Stoughtons' visitation privileges. Specifically, husband asserts the trial court failed to give special weight to his wishes as the custodial parent pursuant to Troxel v. Granville (2000), 530 U.S. 57,120 S.Ct. 2054, 147 L.Ed.2d 49 and R.C. 3109.051(D)(15). We disagree.
 {¶ 7} Troxel involved the application of a Washington state nonparent visitation statute. The Washington statute essentially allowed any party to seek visitation at any time as long as the trial court found the visitation in the child's best interest. The United States Supreme Court concluded that "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." Resting on this principle, the Court held that in the absence of an allegation of parental unfitness, the presumption that fit custodial parents act in the best interests of their children must be applied, and the parents' determination of their child's best interests must be afforded special weight.
 {¶ 8} We note the Ohio statute is more narrowly drawn and can be given a more narrow construction than the Washington state visitation statute. Epps v. Epps (Aug. 9, 2001), Ashland App. No. 01COA01403;Fischer v. Wright, Coshocton App. Nos. 00-CA-028, 01-CA-003,2001-Ohio-1900. Specifically, R.C. 3019.051 permits the consideration of a motion to the court for nonparent visitation only upon a precipitating event, such as a divorce. R.C. 3109.051(B)(2). Such a motion may also be filed after the precipitating event if there is a change of circumstances. The statute requires the petitioning party to be related to the child or show the court the party has an interest in the welfare of the child. R.C. 3109.051(B)(1). Further, the statute requires the trial court to consider more than 15 factors in determining whether such visitation is in the best interest of the child.
 {¶ 9} R.C. 3109.051(D)(15) specifically requires the trial court to consider "the wishes and concerns of the child's parents, as expressed by them to the court" in a situation where a person other than a parent has requested companionship or visitation. The trial court herein acknowledged the primary rights of the parents under Ohio law. The trial court noted it was "endeavoring to preserve the fundamental tenant under law, and that is a mother and a father having those rights to care for those children." Sept. 6, 2002 Tr. at 193.
 {¶ 10} The trial court did not use the words "special weight." Nonetheless, it is clear from the record the trial court accorded due deference to husband's wishes. Furthermore, the children's visitation with the Stoughtons arose by agreement of the parties during the initial divorce proceedings. We further note a review of the modification of the visitation for the Stoughtons does not in any way effect the amount of time husband has with the children. The trial court increased the Stoughtons' visitation by reducing wife's companionship time. Athough husband opposed such visitation, wife did not. The trial court was not required to accord due deference to husband's wishes without according the same to wife's wishes.
 {¶ 11} Husband's sole assignment of error is overruled.
 {¶ 12} The judgment of the Richland County Court of Common Pleas, Domestic Relations Division is affirmed.
By: Hoffman, P.J., Farmer, J., and Boggins, J. concur.
[1] The trial court designated the Stoughtons third-party defendants in the underlying case.